## CHERTKOF v. LOEW.

Circuit Court, Dade County.

July 12, 1949.

J. Mark Wilcox, Park H. Campbell and Drummond Paul, Jr., of Hudson & Cason, Miami, for plaintiff.

Julius I. Friedman, Miami Beach, W. Sanders Gramling and Alonzo Wilder of Katzentine & Gramling, Miami, and Arthur S. Friedman and Samuel W. Shapiro, both of Miami, for defendant.

GEORGE E. HOLT, Circuit Judge.

The plaintiff sues the defendant for attorney's fees incurred in representing the defendant's wife in a divorce suit instituted in this jurisdiction by the defendant.

Services rendered by the plaintiff to the defendant's wife briefly stated are as follows:

He filed a special appearance contesting the jurisdiction of the court, later changed it to a general appearance by filing a motion to dismiss; argument before the court was had upon this motion, and thereafter the court referred the matter to a special master to determine whether or not plaintiff (defendant herein) was a bona fide resident of the state of Florida, and as such, was entitled to maintain the suit for divorce. This consumed two days taking testimony, one-half day in introducing of depositions, and one-half day of oral argument. (This was the time reported by the master.) Plaintiff expended more time than this in the preparation of his case before the master—in briefing the law, preparing himself for the hearing, and other related matters.

Plaintiff lost this first phase of the case. The master held and reported to the court that plaintiff therein (defendant here) was a bona fide resident of this state. Transcript of 200 pages of testimony including the master's report and recommendation was referred back to the court. After extended argument, the judge being dissatisfied with the matter in that status, re-referred the

·matter to the same master for the taking of further and additional testimony on the same question.

On his reference plaintiff spent one day in the taking of testimony which consisted of some 35 typewritten pages. He lost again. The master recommended that the defendant (plaintiff therein) was a bona fide resident of Florida and was, therefore, entitled to maintain his suit for divorce. Exceptions were prepared and filed and argument had thereon before the court. Plaintiff was finally successful in that the court dismissed the suit, and appeal therefrom was taken, but never perfected. The suit was instituted March 16, 1945 and concluded sometime after July 11, 1946. (The file does not disclose the date appeal was dismissed in the Supreme Court.)

Sixteen months were consumed by the divorce litigation. Plaintiff herein as attorney for the defendant wife in that suit was awarded only $1,000 temporary attorney's fees—most of which were expended for costs. The order dismissing the cause from which appeal was taken (and then dismissed) contained no provision for additional attorney's fees.

The testimony discloses that the defendant herein is a man of extreme wealth (which was not denied) being possessed of an estate estimated to be from five to ten million dollars, with an annual income of more than $200,000.

After the dismissal of the Florida divorce suit the parties were divorced from each other in the state of Massachusetts. At this time they are no longer man and wife. The plaintiff here did not participate in anywise in the procurement or otherwise of the Massachusetts divorce.

That plaintiff expended a great deal of time, effort and energy in representing his client is undisputed, that he performed creditably and ably is without question—as he was successful in maintaining his position.

The sole legal question to be decided by the issues framed is whether or not after the dismissal of the divorce suit the attorney for the defendant wife may bring suit in a separate action against the husband for reasonable compensation for his services to the wife. Of course, several minor questions arise under the main question, viz.: the extent and character of the services rendered; a reasonable fee, to be determined in the event liability attaches; and the status, financial and otherwise, of the parties involved.

While there is authority on both sides of the question, the facts in this particular case—and these are the only facts with which we are concerned—indicate without question that the husband is

liable for the services of the attorney rendered to his wife in a divorce suit brought *by him against her.*

It must be rememembered throughout this case that (a) the wife was the defendant and was sued by the husband, (b) the husband compelled his wife to go to a foreign jurisdiction to contest his suit for divorce from her, (c) the husband was finally adjudicated not to be entitled to maintain a suit in Florida because he was a resident of another state, and (d) that the wife was compelled to retain an attorney to protect her interests, and defend against the charge of adultery hurled against her in the husband's bill of complaint.

I cannot follow the contention that the courts frown upon a separate suit against the husband for attorney's fees for the wife. While this may be good law in some cases it is not applicable here in view of the circumstances and status of the parties. These cases can be found in section 579, Amer. Jur., page 456. The annotation found in 25 A.L.R. at page 354 discloses that generally the husband is not liable in an independent action for attorney's fees for the wife. The contrary is held in the states of Georgia, Iowa, Louisiana, New York, Texas, West Virginia and England.

It would be a travesty and create a dangerous precedent if under the facts the plaintiff were denied the relief which he seeks. It is ironic but true nevertheless, that had he lost his contention of non-residence and lack of jurisdiction of the Florida courts the suit would have gone on to final decree—during which time he would have had ample opportunity to apply for and receive reasonable fees as compensation for services rendered. To deny him relief here would be to say that he won his case but lost a fee.

It is therefore my conclusion that legally the defendant is liable to the plaintiff attorney for reasonable compensation for services rendered to the defendant's wife in a suit brought by the defendant against his wife for divorce. This is based on the facts of this particular case and on the law which is applicable thereto—that such attorney's fees come within the classification of necessities of the wife for which a husband is liable. See the authorities cited above.

As both judge and jury in this case—a jury having been waived by both parties—I find that the services rendered by the plaintiff under the circumstances described were of such a character and nature as to create liability for payment of a reasonable fee therefor.

I further find that the defendant is a man of extreme wealth and fully able to pay a reasonable fee for such services. As a

matter of fact—and law—it is his duty to do so. I find that a reasonable fee for the plaintiff's services in the circumstances described, based upon all the evidence adduced, is the sum of $10,000. This is my verdict.

In so far as attorney's fees and the compensation of officers of the court are concerned, there seems to me to be a concerted effort on the part of some to reduce the lawyer to the servile condition of the slave. There is abundant evidence of a constant campaign to belittle the lawyer, and to place upon him the stigma of a need of regulation, observation and discipline—all of which is undeserved and unwarranted. A recent opinion in the most general of terms indicted the entire bar of Florida. In substance it stated that it was necessary to alert the bar to public and professional responsibility; to discipline it for unethical conduct; and the bar needed a new and enlarged concept of its place in our social and economic pattern. It concluded with the admonition that the lawyer should "work hard, live by faith and die poor!"

I do not subscribe to any of these indictments nor to the conclusion reached. Such is so contrary and opposed to the actual practicalities of life as it is today, that one is caused to wonder just exactly what the motivating force consists of in the mind of the author of such unwarranted assertions.

It is my opinion that the lawyer needs protection so that he may pursue his profession in such a manner that the best interests of the public will be served, protected and defended. The lawyer should not be the object of unwarranted criticism or attack as he has been in the past year. However, the lawyer should not be awarded unreasonable fees, nor charge excessively for his services.

There is a reasonable middle ground between the two extremes. This I propose to follow. I do not sentence the legal profession to poverty. Certainly this is not the ultimate for the lawyer. He has invested much in his training and preparation for service of the people at the bar. He and his family are entitled to equal opportunity of achievement and success as afforded by the other professions, vocations, and occupations. The bar comprehends public service. The lawyer is found in the forefront of every civic enterprise and aids in the betterment of his community at all times. He deeply realizes this obligation. Why condemn him to poverty? The Bible tells us "the laborer is worthy of his hire." Is the lawyer unworthy of his hire?

The plaintiff is entitled to the reasonable value of his services. He has "worked hard." He has been successful. He has not been paid. Prepare the judgment.